IN THE COMMONWEALTH COURT OF PENNSYLVANIA

LaMar S. Rivers,                :
              Petitioner    :
                              :
      v.                      :
                              :
Unemployment Compensation   :
Board of Review,           :   No. 125 C.D. 2024
              Respondent   :   Submitted: May 6, 2025

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE LORI A. DUMAS, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                  FILED: June 23, 2025

LaMar S. Rivers (Claimant) petitions, *pro se*, for review from the December 18, 2023 order of the Unemployment Compensation Board of Review (Board), which affirmed the decision of an Unemployment Compensation (UC) referee (Referee) finding Claimant ineligible for benefits under Section 401(d)(1) of the Unemployment Compensation Law (Law),[1] which requires that, to be eligible to

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1). Section 401(d)(1) of the Law provides for UC benefits to a person who becomes unemployed and who:

> (d)(1) Is able to work and available for suitable work: Provided, That no otherwise eligible claimant shall be denied benefits for any week because he is in training with the approval of the secretary nor shall such individual be denied benefits with respect to any week in which he is in training with the approval of the secretary by reason of the application of the provisions of this subsection relating to availability for work or the provisions of section 402(a) of this act[,

receive UC benefits, a claimant be able to work and available for suitable work. Upon review, we affirm.

Claimant, who was employed by the Port Authority of Allegheny County, filed an application for UC benefits on March 21, 2021. *See* Appeals Referee Decision dated Dec. 22, 2022 (Referee Decision) at 1, Certified Record (C.R.) at 106. The Referee conducted a hearing on December 15, 2022, that Claimant did not attend, despite receiving notice. *See* Referee Decision at 2, C.R. at 107; Transcript of Testimony, Referee Hearing on December 15, 2022 (N.T.) at 1, C.R. at 73. Following the hearing, the Referee made the following findings of fact:[2]

> 1. [C]laimant filed an application for [UC] benefits effective March 21, 2021.
>
> 2. [C]laimant had a serious illness which prevented [C]laimant from performing any type of work as of March 21, 2021.
>
> 3. [C]laimant did not notify the employer of any light-duty restrictions that would have afforded the employer the opportunity to offer an accommodation.
>
> 4. [C]laimant could not do any type of work, including light duty.

43 P.S. § 802(a),] relating to failure to apply for or a refusal to accept suitable work.

43 P.S. § 801(d)(1).

[2] We note that "the Board, not the referee, is the ultimate fact[-]finding body and arbiter of credibility in UC cases." *See Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Rev.*, 173 A.3d 1224, 1227 (Pa. Cmwlth. 2017). In the instant matter, the Board adopted and incorporated the findings of fact and conclusions of law from the Referee's Decision into the Board Order and added Finding of Fact No. 4. *See* Unemployment Compensation Board of Review Order dated December 18, 2023 (Board Order), at 1, C.R. at 97.

Referee Decision at 2, C.R. at 107; *see also* Unemployment Compensation Board of Review Order dated December 18, 2023 (Board Order) at 1, C.R. 97. Based on these findings of fact, the Referee concluded:

> Under the provisions of Section 401(d)(1) of the Law, there is a presumption that one filing for [UC] benefits are [sic] both able and available for suitable work. This presumption can be rebutted through information provided by the parties or as a result of a serious injury or illness.
>
> Information was received by the Department suggesting [C]laimant was not able or available for suitable work due to a serious illness. At the appeal hearing, the employer provided credible testimony that as of the filing of the application effective March 21, 2021, [C]laimant was not able or available to perform any type of work and had not provided the employer with any light-duty restrictions that would have afforded the employer the opportunity to offer an accommodation. [C]laimant did not participate in the appeal hearing to refute the employer's testimony. Therefore, the Referee must conclude that [C]laimant was not able or available for suitable work and benefits are denied under Section 401(d)(1) of the Law.

Referee Decision at 2, C.R. at 107; *see also* Board Order at 1, C.R. at 97. Claimant appealed the Referee Decision and the Board affirmed. *See* Board Order at 2-3, C.R. at 98-99. Claimant timely appealed to this Court.[3] *See* Ancillary Petition for Review filed February 9, 2024.

---

[3] Claimant initiated the instant appeal via *pro se* correspondence that included copies of the Referee Decision and Board Order. *See Pro Se* Correspondence dated January 11, 2024, and received by the Court January 16, 2024. The Court then issued Claimant a notice preserving Claimant's filing date and requiring Claimant to file a petition for review that complied with the Pennsylvania Rules of Appellate Procedure, which Claimant accordingly filed on February 9,

On appeal,[4] we note that Claimant's brief does not comply with the requirements of Pennsylvania's Rules of Appellate Procedure regarding briefing requirements and structure. *See* Pa.R.A.P. 2111 & 2116-2119. Claimant's brief consists of a cover letter and a copy of Claimant's Ancillary Petition for Review filed February 9, 2024. While the order in question is discernable from this filing, Claimant's brief does not contain a statement of jurisdiction, a statement of the scope and standard of review, or a statement of the case. *See generally* Claimant's Br. Additionally, Claimant's brief contains no formal argument, summary thereof, or request for relief. Two handwritten pages previously included with the Ancillary Petition for Review are included in Claimant's brief. However, these handwritten pages contain no citation to the record or case law and effectively amount simply to Claimant's testimony regarding the matter, which he did not provide at the Referee's hearing and which, accordingly, does not form part of the record of this matter. The deficiencies of Claimant's brief are so profound that they prevent any meaningful review. *See generally* Claimant's Br.

The role of this Court is not to act as counsel for parties. *Commonwealth v. Le*, 208 A.3d 960, 976 n.17 (Pa. 2019) ("It is not [an appellate] Court's function to act as an advocate for the parties."); *see also Commonwealth v. Spotz*, 18 A.3d 244, 262 n.9 (Pa. 2011) (noting that appellate courts need not address an issue where it is impossible to discern exactly what error a party alleges). We

---

2024. *See* Commonwealth Court Notice dated January 31, 2024; *see also* Ancillary Petition for Review filed February 9, 2024.

[4] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed, or whether constitutional rights were violated. *See Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

cannot decipher the substance of any issues or arguments Claimant may have intended to raise by the filing that serves as his brief and we decline to speculate on the same. Therefore, because Claimant's brief does not allow for meaningful appellate review, Claimant has waived any issues/arguments purportedly raised therein. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *Berner v. Montour Township*, 120 A.3d 433, 437 n.6 (Pa. Cmwlth. 2015) (ruling that a party's failure to sufficiently develop an issue in a brief constitutes waiver of the issue); *see also* Pa.R.A.P. 2119(a).

Accordingly, we affirm the Board Order.[5]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[5] Moreover, we observe that, because Claimant did not appear and offer evidence at the Referee's hearing, the only evidence of record in this matter is the testimony and documentation submitted by the employer, which indicated that Claimant was not able or available for work as of the filing of the application for UC benefits and therefore ineligible for UC benefits pursuant to Section 401(d)(1) of the Law. Accordingly, had we reached the merits of this matter, we would have affirmed the Board Order on those grounds.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

LaMar S. Rivers,                          :
                          Petitioner      :
                                          :
          v.                              :
                                          :
Unemployment Compensation                 :
Board of Review,                          :     No. 125 C.D. 2024
                     Respondent           :

# **O R D E R**

AND NOW, this 23rd day of June, 2025, the December 18, 2023 order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge